# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-0290-WS |
| ) | |
| EARNEST ROLAND HAYS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion to correct written order of judgment. (Doc. 149). The defendant seeks to prohibit the government from enforcing the defendant's restitution obligation of approximately $2.5 million in any fashion until 30 days after his release from incarceration, and to limit the government's post-release enforcement efforts to collection of $200 per month unless the defendant defaults on such monthly payments. The defendant asks the Court to accomplish this goal by amending its judgment to reflect that his restitution obligation is limited to monthly payments of $200 to commence within 30 days after his release. (*Id*. at 5, 8). The motion is brought pursuant to Rule 36, which provides for correction of errors arising from oversight, omission or clerical error.

The defendant believes, based on counsel's recollection of sentencing, that the Court intended the result he seeks. The defendant is mistaken. The defendant would credit to the Court an intention that the defendant, regardless of his assets or income, repay over $2.5 million only in $200 monthly installments – a scheme that would require over 1,000 years to execute. This for a 60-year-old defendant with a net worth of almost $2 million. (Doc. 129 at 3, 11). The Court intended no such absurdity.

The judgment imposes a restitution obligation of $2,556,276.40, "due immediately, balance due … in accordance with" Block C, which provides for "[p]ayment in equal monthly installments of $200.00, to commence 30 days after the date of this judgment." (Doc. 138 at 6). The defendant sought and obtained an amended judgment to correct a clerical error so as to replace Block C with Block D, which provides for "[p]ayment in equal MONTHLY installments of $200.00, to commence 30 DAYS after release from imprisonment to a term of supervision." (Doc. 142). The amended judgment again reflects that the full restitution amount of $2,556,276.40 is "due immediately, balance due … in accordance with" Block D. (*Id*.). The

amended judgment did not alter the provision of the original judgment that "[r]estitution is due immediately and payable in full." (Doc. 138 at 3).

The defendant complains that the government "clings" to the Court's repeated and consistent pronouncements that the full restitution amount is due and payable immediately. (Doc. 149 at 5). But this is in fact the critical language, because it makes unmistakable the Court's intent that the defendant's obligation is a present one and that his failure to pay his obligation in full exposes his assets to collection techniques such as garnishment. Indeed, the defendant concedes that, "[t]o be sure, the Court can order restitution due and payable immediately in conjunction with a payment plan[, and] [i]n those situations, the Government may exercise all legal means to collect the restitution, including garnishment or execution." (Doc. 149 at 5). That is precisely what the Court did, and it is precisely why the government may at any time invoke legal process to collect the full restitution amount.

What the defendant clings to his counsel's hazy recollection of what the Court said at sentencing, which he believes "indicates that the Court intended for Mr. Hays to pay the balance of his restitution through [and only through] scheduled payments following release." (Doc. 149 at 2 & n.3, 8). What the Court actually said at sentencing was that "[r]estitution is due immediately and payable in full," (Doc. 152 at 14), which is the exact language used in the written judgment and which, as discussed above, entitles the government to proceed with collection efforts at any time. The only thing the Court said about periodic payments was that, "[i]f restitution is to be paid in installments, the Court orders that you make at least minimum monthly payments in the amount of $200." (*Id*.). This language does not eliminate the government's immediate collection authority any more than does the similar language in the written judgment.

In summary, the judgment and amended judgment accurately reflect the Court's intention that the entire restitution amount be due immediately and payable in full and that the government have all authority to engage in lawful collection activity at any time to collect that full amount or any portion of it. Accordingly, the defendant's motion to correct written order of judgment is **denied**.

DONE and ORDERED this 13th day of April, 2018.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE